## Argüeso et al. v. Müllenhoff y Körber.

Apelación procedente de la Corte de Distrito de Humacao.

No. 96.—Resuelto en febrero 19, 1904.

Competencia—Acción Personal.—Fuera de los casos de sumisión expresa o tácita, en los juicios en que se promuevan acciones personales, es juez competente el del lugar en que deba cumplirse la obligación, y a falta de éste, el demandante puede elegir, el del domicilio del demandado o el del lugar del

contrato, si en éste se hallare el demandado, aunque accidentalmente, y pudiera
ser emplazado.

Id.—Una acción para obtener el otorgamiento de una escritura y la indemnización
de daños y perjuicios, es una acción personal.

## EXPOSICIÓN DEL CASO.

En el juicio promovido ante la Corte de Distrito de Humacao por Don Manuel Argüeso y Flores y Doña Ernestina Frías y Noya contra los Señores Müllenhoff y Körber sobre formalización de escritura de compraventa de la hacienda "Ingenio," de Yabucoa e indemnización de daños y perjuicios, juicio pendiente ante nos a virtud de recurso de apelación interpuesto por los demandantes contra resolución de dicha (*) corte en cuestión de competencia, habiendo representado a la parte recurrente el Letrado Don Rafael López Landrón y a la parte recurrida el Letrado Don Jacinto Texidor.

*Resultando:* que con fecha cinco de mayo último, los esposos Don Manuel Argüeso y Flores y Doña Ernestina Frías y Noya, presentaron demanda ante el Tribunal de Distrito de Humacao contra la Sociedad Mercantil Müllenhoff y Körber de esta Capital, para que por los trámites del juicio declarativo, se ordenara por sentencia definitiva que los demandados formalizaran la escritura de compraventa de la hacienda Central de cañas, nombrada "Ingenio," del antiguo término municipal de Yabucoa, "sobre la base de su rentabilidad durante los tres últimos años, excluyendo el del temporal," dentro de un plazo perentorio, si no encontraren por comprador de ella a tercera persona dentro del plazo que también se les asigne, y a la indemnización de daños y perjuicios con el pago de todas las costas.

*Resultando:* que admitida la anterior demanda fueron citados y emplazados en esta Capital para contestarla los Señores Müllenhoff y Körber, quienes acudieron al Tribunal de Distrito de San Juan para que requiriera de inhibición al de Humacao, a lo que accedió el Tribunal de San Juan, en auto

de veinte y cinco de mayo último, librando oficio inhibitorio al de Humacao para que se separara del conocimiento del juicio, como así lo acordó ese tribunal en auto de veinte de julio último, auto que fué apelado por los consortes Argüeso, habiendo sido remitidas las actuaciones a esta Corte Suprema para la decisión del recurso.

*Resultando:* que tramitado el recurso en la forma correspondiente, después de instruídas las partes y resuelto un incidente de acumulación, se señaló día para la celebración de la vista, la cual tuvo lugar con asistencia e informe de las partes el día trece de los corrientes.

Abogado de los apelantes:  *Sr. López Landrón.*

Abogado de los apelados:  *Sr. Texidor.*(*)

EL JUEZ ASOCIADO SR. SULZBACHER, después de exponer los hechos anteriores, emitió la opinión del tribunal.

*Considerando:* que en el apartado primero del artículo 62 de la Ley de Enjuiciamiento Civil, se dispone que fuera de los casos de sumisión expresa o tácita, en los juicios en que se ejerciten acciones personales, es Juez competente el del lugar en que debe cumplirse la obligación, y a falta de éste, a elección del demandante, el del domicilio del demandado, o el del lugar del contrato si hallándose en él, aunque accidentalmente, pudiera hacerse el emplazamiento.

*Considerando:* que la acción ejercitada en la demanda es personal y que no consta cuál sea el lugar en que deba cumplirse la obligación, sin que tampoco haya sumisión expresa o tácita de las partes a tribunal alguno, por todo lo cual, con arreglo al precepto legal anteriormente citado, el Tribunal de San Juan es el competente para conocer del juicio de que se trata, por ser el del domicilio del demandado, que no fué emplazado en Humacao, siendo en su virtud procedente y conforme a la Ley el auto dictado en veinte de julio último por el Tribunal de Distrito de Humacao.

*Fallamos:* que debemos confirmar el mencionado auto apelado con las costas a cargo de los recurrentes, y líbrese al Tri-

bunal de Distrito de Humacao la certificación correspondiente con devolución de los autos que ha remitido.

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández, Figueras y MacLeary.